*J. J. Laudnun, for appellant.*
*J. M. Collins, E. H. Smith, for appellees.*

---

GEO. C. HARLAN, ET AL., *v.* FIELDIN HARDIN, ET AL.

**Conveyance—Officer Before Whom Deed Acknowledged.**
    The certificate of an officer that a deed was acknowledged before him, when he is not authorized to take acknowledgments, furnishes no evidence of the execution of the deed.

**Evidence.**

> Before a copy of a recorded writing can be read in evidence it must appear that the original was authenticated in the mode provided by the statute.

**Recording of Deeds.**

> The clerk is not authorized to record a deed without direct proof of its execution, although such deeds may sometimes be admitted in evidence as ancient writings.

**Evidence.**

> The declarations of a person while in possession of land are admissible to prove the character of that possession.

APPEAL FROM GREENUP CIRCUIT COURT.

January 27, 1876.

OPINION BY JUDGE COFER:

At the time the deed from Keith to Harlan purports to have been acknowledged there was no law of this state authorizing mayors of cities to take and certify the acknowledgment of deeds. The first act of assembly giving such authority was passed in 1796, and went into effect January 1, 1797. 1 Statute Laws 439, Sec. 3. The mayor of Philadelphia having no authority to take the acknowledgment, his certificate furnished no evidence whatever of the execution of the deed, and gave the clerk no authority to record it. Nor could the clerk admit it to record as an ancient deed.

Copies of recorded writings are only admissible in evidence because the statute so declares, and before such copy can be read it must appear that the original was authenticated in the mode provided by the statute, for until that does appear the copy does not fall within the terms of the statute making copies evidence. Sec. 34, Chap. 28, Gen. Stat.

We do not know of any law authorizing clerks to record deeds without direct proof of their execution, although they might be admissible in evidence in court as ancient writings. It is not enough to render a writing admissible in evidence that it appears to be more than thirty years old; it must also appear that it is unblemished by alterations, and that it comes from such custody as to afford a reasonable presumption in favor of its genuineness; and that it is otherwise free from suspicion. 1 Green. Sec. 21. Whether an instrument offered under this rule is admissible depends wholly upon a common-law rule of evidence, and is a judicial question which

clerks have no power to decide. The court did not, therefore, err in rejecting the copy offered in evidence by the appellants. Nor did the court err in refusing to allow the opinion of this court in the case of *Harlan's Heirs v. Senton,* or the mandate therein to be read to the jury. The opinions of this court are not made of evidence of the facts therein recited for any purpose whatever, and so far as they decide questions of law they should be read to the court and not to the jury.

It is doubtful whether the writ of possession in case of *Harlan's Heirs v. Senton,* and the officer's return, were not admissible as conducing to show the extent of the appellants' claim and how they entered upon the land, and that the previous possession of Senton's was to their benefit; but there was no conflict in the evidence in regard to the manner in which they obtained possession, or the extent to which they claimed, and the refusal of the court to allow the writ to go to the jury cannot have prejudiced the appellants. It is evident that the contest was as to the possession and adverse claim of Dorch, and that the right of appellants was substantially conceded to all the land except that which the appellees claimed to have been in the possession of Dorch; and they claimed that the appellants had neither title to or possession of that, not on the ground that it was not claimed by them, but on the ground that their title had been tolled by the long continued adverse possession of Dorch. That this was regarded by both parties as the main ground of controversy is evident from the instructions asked.

Under such circumstances the appellants could not have been prejudiced by the refusal to admit the writ of possession and return, the only effect of which would have been to corroborate the uncontradicted parol evidence that they were in the actual possession of a part of Keith's patent claiming the whole. The court instructed the jury that if they were in the actual possession of any part of the patent boundary claiming to the extent thereof then they were in possession of the whole, and were entitled to a verdict unless Dorch had been in the actual adverse possession of the land when the cutting was done for a period of fifteen years.

The court did not err in modifying the second or in refusing the third instruction asked by the appellants. If Dorch had been in the adverse possession of the land for fifteen years before the supposed agreement to surrender he had become invested with title, and he could not be divested by an unexecuted parol agreement to surrender. The evidence in regard to his alleged agreement to surrender

and his recognition of the appellant's title was admissible for the purpose of rebutting the evidence offered by the appellees as to the character of his holding, but for no other purpose.

The declarations of Dorch while in possession of the land were admissible to prove the character of that possession, and the court did not err in permitting them to be proved. The instruction given seems to us to have been more favorable to the appellants than the law warranted. It was in effect assumed that the appellants were owners of the tract of land and had right to recover unless Dorch and those claiming under him had acquired title to it by possession.

We perceive no error to the prejudice of the appellants and the judgment is *reversed*.

*Moore & Bennett, for appellants.*
*E. C. Phister and E. L. Dulin, for appellees.*